UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>RUBISEL DELCARMEN-ABARCA,<br><br>      Defendant. | NO. 4:19-CR-6005-SAB<br><br>**ORDER DISMISSING INDICTMENT** |

  Defendant is charged with illegal reentry under 8 U.S.C. 21 § 1326. ECF No. 1. Before the Court are Defendant's Motion to Dismiss, ECF No. 28, Motion to Suppress, ECF No. 29, and Motion to Compel, ECF No. 30. The Motion to Dismiss is based upon three different arguments: one challenging the validity of the underlying removal order, which is an essential element of the charge; one challenging the process afforded to Defendant at the removal hearing; and one based upon an alleged speedy trial violation.

  A hearing was held on the motions on April 24, 2019, at which the Government presented the testimony of multiple witnesses. The Court heard oral argument on the motions on May 29, 2019. For the reasons explained below, the Court grants the motion to dismiss due to the invalidity of the underlying removal order, and thus does not address any other motion.

//

//

//

**ORDER DISMISSING INDICTMENT ~ 1**

## FACTUAL BACKGROUND

Defendant is an alleged citizen of Mexico, who first entered the United States in 1986. On September 17, 2003, Immigration and Naturalization Services (INS) served him with a Notice to Appear (NTA), in Los Angeles, California. ECF No. 28-1. The Notice to Appear alleged that Defendant was removable, as a non-citizen without legal status, and ordered that Defendant appear before an immigration judge for his removal hearing at a date, time, and place to be set. *Id.*

After he was served with the Notice to Appear, Defendant was taken into immigration custody. A removal hearing was set for October 1, 2003, at 8:30 a.m., in Lancaster, California. On September 26, 2003, five days before the hearing, Defendant was personally served with a Notice of Hearing, which informed him for the first time of his removal hearing's date, time, and location. ECF No. 54-1. He had been in custody for 9 days when the Notice of Hearing was served on him, and no explanation was offered why service did not take place earlier, in a more timely manner. Defendant's Motion to Dismiss argues that because the Notice to Appear lacked date, time, and location information, and because the Notice of Hearing failed to perfect this omission through the two-step process approved by the Ninth Circuit in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), the Immigration Court was never vested with jurisdiction, and the removal order is void ab initio. ECF No. 21.

## DISCUSSION

The question before the Court is whether the Immigration Court had jurisdiction to issue its removal order, notwithstanding the absence of date, time, and location information in the Notice to Appear, and a Notice of Hearing which only provided that information five days before the removal hearing.

Time and place are essential components of a Notice to Appear, as defined by statute, and the location of a hearing is also a requirement under a related

**ORDER DISMISSING INDICTMENT ~ 2**

regulation. *See* 8 U.S.C. § 1229(a)(1); 8 C.F.R. § 1003.15. Another regulation provides that jurisdiction in an immigration court vests when a charging document, here, the Notice to Appear, is filed with the Immigration Court. 8 C.F.R. § 1003.14.Recently, the United States Supreme Court addressed the question of whether the time, date, and location of a removal hearing is a necessary component of Notice to Appear, as that document is defined by statute. *Pereira v. Sessions*, __ U.S. __, 138 S.Ct. 2105, 2113–14 (2018). The Supreme Court held that any document that lacks date, time, and location information is not a Notice to Appear, for the purposes of 8 U.S.C. § 1229. *Id. Pereira* did not address the jurisdiction of the Immigration Court, as it was only presented with the question of whether time, date and location are essential components of a Notice to Appear for the purposes of the stop-time rule, a statutory rule that renders excludable any time after the service of a Notice to Appear for the purposes of discretionary immigration relief.

Recently the Ninth Circuit held that a defective Notice to Appear can nonetheless vest jurisdiction with an Immigration Court, so long as date and time information is timely provided to the non-citizen through a Notice of Hearing. *See Karingithi*, 913 F.3d at 1162. The *Karingithi* decision was itself based on two rationales: deference to a recent Board of Immigration Appeals' decision, and the distinction between the regulatory and statutory requirements for a Notice to Appear. *Id.* at 1160-61. However, *Karingithi* expressly left open the question of "whether jurisdiction would have vested if [the defendant] had not received this information in a timely fashion." *Id.* at 1162.

Thus, in the Ninth Circuit, it is settled that when a Notice to Appear lacks date and time information, but such information is timely provided to the noncitizen, the Immigration Court is vested with jurisdiction. Defendant argues that he did not timely receive a Notice of Hearing. The Government argues that any challenge to the Notice of Hearing would not go to jurisdiction, noting

**ORDER DISMISSING INDICTMENT - 3**

*Karingithi*'s distinction between statutory and regulatory requirements for Notices to Appear. The Government further argues that any requirement of timeliness was made irrelevant when the Defendant signed a waiver on the Notice to Appear.

    *(a) Timeliness of the Notice of Hearing Is Jurisdictional*

    The Government argues that any issue regarding the timeliness of the Notice of Hearing implicates constitutional due-process concerns, and not the jurisdiction of the Immigration Court, because *Karingithi* provides that the "regulatory definition, not the [statutory definition], governs the Immigration Court's jurisdiction." 913 F.3d at 1160. However, the *Karingithi* Court expressly limited its holding, with the caveat that "[w]e do not decide whether jurisdiction would have vested if [the defendant] had not received this information in a timely fashion." *Id.* The caveat explicitly speaks to the vesting of jurisdiction, not potential due process claims, and when a court so limits its holding, subsequent courts must follow such a limitation. *United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010) ("Legal rulings in a prior opinion are applicable to future cases only to the degree one can ascertain from the opinion itself the reach of the ruling.").

    Even if this Court were to find that only the regulatory requirements of a Notice to Appear have any bearings on the jurisdiction of the Immigration Court regardless of whether the two-step process was followed, in this case the regulatory requirements were not met. While one provision in the regulations, 8 C.F.R. § 1003.18, requires that the time, place, and date of the removal hearing be contained in the Notice to Appear "when practicable," another requires that the address of the Immigration Court where the Service will file the Notice to Appear must be included in the Notice to Appear. 8 C.F.R. § 1003.15(b)(6). The Notice to Appear in this case did not indicate the location of the Immigration Court where the service would file, and thus, even under the regulatory definition of a Notice to Appear, is insufficient.

**ORDER DISMISSING INDICTMENT ろ 4**

The *Karingithi* Court provided no indication of what "timely" means in this context, and this Court looks to a related statute, 8 U.S.C. § 1229(b)(1), for the answer. That provision, which governs the contents of a Notice to Appear, provides that "[i]n order that an alien be permitted the opportunity to secure counsel before the first hearing date in proceedings under section 1229a of this title, the hearing date shall not be scheduled earlier than 10 days after the service of the notice to appear, unless the alien requests in writing an earlier hearing date." 8 U.S.C. § 1229(b)(1).

Based upon this statute, the Court holds that in order for the two-step notice process approved of in *Karingithi* to be validly performed, the non-citizen must be served with a Notice of Hearing providing date and time information not less than ten days before the date of the removal hearing. Defendant was served with the Notice of Hearing five days before the removal hearing. Thus, Defendant did not receive the absent date, time, and location information in a timely fashion.

Even if this Court were to find that only the regulatory requirements of a Notice to Appear have any bearings on the jurisdiction of the Immigration Court regardless of whether the two-step process was followed, in this case the regulatory requirements were not met. While one provision in the regulations, 8 C.F.R. § 1003.18, requires that the time, place, and date of the removal hearing be contained in the Notice to Appear "when practicable," another requires that the address of the Immigration Court where the Service will file the Notice to Appear must be included in the Notice to Appear. 8 C.F.R. § 1003.15(b)(6). The Notice to Appear in this case did not indicate the location of the Immigration Court where the service would file, and thus, even under the regulatory definition of a Notice to Appear, is insufficient.

//
//

**ORDER DISMISSING INDICTMENT ₹ 5**

*(b) Defendant Did Not Waive the Timeliness Argument*

The Government argues that Defendant waives this argument by signing a waiver on the Notice to Appear. The Notice to Appear contained a text-box titled "Request for Prompt Hearing," which states, "[t]o expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge." Defendant signed this waiver. ECF No. 54-1. Defendant argues that the waiver should be unenforceable because it was not translated for him, and he does not read or speak English. ECF No. 54-2. The Court finds the waiver unenforceable. *See e.g. United States v. Raya-Vaca*, 771 F.3d 1195, 1198 (9th Cir. 2014) (addressing unenforceability of non-translated waiver); *United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir. 1995)(waiver of statutory right must be knowing and voluntary).

The Court does not dispute that *Karingithi* is controlling when a Notice of Hearing is timely served. However, because the necessary information absent from the Notice to Appear was not "received in a timely fashion," the Immigration Court lacked jurisdiction, rendering the removal hearing and subsequent order void. Thus, the Court grants the Motion to Dismiss, ECF No. 28.

//
//
//
//
//
//
//
//
//
//
//

**ORDER DISMISSING INDICTMENT ‒ 6**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss, ECF No. 28, is **GRANTED**.
2. Defendant's Motion to Suppress, ECF No. 29, is **DENIED AS MOOT**.
3. Defendant's Motion to Compel, ECF No. 30, is **DENIED AS MOOT**.
4. The Indictment in the above-captioned matter is **DISMISSED**, with prejudice.
5. The U.S. Marshals Service shall release Defendant from federal custody forthwith.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order, close the case, and furnish copies to counsel and to the U.S. Marshals Service.

**DATED** this 7th day of June 2019.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING INDICTMENT ~ 7**